Shahzad ARBANI, Petitioner,

v.

Eric H. HOLDER, Jr., Attorney
General, Respondent.

No. 11–70813.

United States Court of Appeals,
Ninth Circuit.

Submitted June 3, 2014 *.

File June 9, 2014.

Garish Sarin, Esquire, Law Offices of
Garish Sarin, Los Angeles, CA, for Petitioner.

Allison Frayer, DOJ–U.S. Department
of Justice, Washington, DC, for Respondent.

Before: GOULD and N.R. SMITH,
Circuit Judges, and ENGLAND, Chief
District Judge.**

MEMORANDUM ***

1. The BIA properly addressed and denied Arbani's withholding of removal
claim.[1] See Farah v. Ashcroft, 348 F.3d
1153, 1156 (9th Cir.2003). Arbani did not
testify credibly, so he was unable to establish eligibility for withholding of removal.
Although only one inconsistency is necessary for an adverse credibility finding, the
immigration judge (IJ) found Arbani not
credible for two different reasons. See
Chebchoub v. INS, 257 F.3d 1038, 1043
(9th Cir.2001). Both reasons go to the
heart of the matter, and the IJ's determinations are supported by substantial evidence. First, the IJ found that Arbani
failed to testify credibly in order to establish his identity. See Farah, 348 F.3d at
1156. Arbani submitted multiple documents with different names, including two
genuine passports in two separate names.
None of the documents established his
identity. Further, the false passport Arbani used to gain entry into the United
States contained a false United States entry stamp. When confronted with the various inconsistencies in his identity documents, Arbani was not able to adequately
explain them.

Second, the IJ found Arbani failed to
testify credibly with regard to his role and
membership in the Muttihada Quami
Movement–Altaf (MQM), which was the
basis of his alleged persecution. When
confronted, Arbani was not able to provide
a reasonable explanation for the inconsistencies between his testimony and declaration regarding the level of his involvement
in the MQM.

2. The BIA properly addressed and denied CAT relief. See Kamalthas v. INS,
251 F.3d 1279, 1283–84 (9th Cir.2001). In
addition to Arbani's lack of credibility, the
BIA evaluated Arbani's claim and concluded that he did not present any documentary evidence that would suggest he would
be subjected to torture if he returns. The
record does not compel a finding that it is
more likely than not that he would be

* The panel unanimously concludes this case is
  suitable for decision without oral argument.
  See Fed. R.App. P. 34(a)(2).

** The Honorable Morrison C. England, Jr.,
  Chief District Judge for the U.S. District
  Court for the Eastern District of California,
  sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. Arbani does not challenge the BIA's conclusion that his asylum application was barred.

tortured if returned to Pakistan. *See Farah,* 348 F.3d at 1156–57.

**PETITION DENIED.**